FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 SEP 20 A 11: 20

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **CHONG SU YI,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-3690 |
| **SUPREME COURT OF THE UNITED STATES,** *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On February 29, 2016, the Court entered a Memorandum and Order dismissing Plaintiff's complaint. ECF Nos. 4 & 5. On March 9, 2016, Plaintiff filed a Motion for Reconsideration. ECF No. 6. Because Plaintiff has not stated a meritorious reason to alter the previous conclusion of this court, his motion will be denied.

Plaintiff's motion, filed within twenty-eight days of the dismissal order, is governed by Fed. R. Civ. P. 59(e). "A Rule 59(e) motion is discretionary. It need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F. 3d 403, 411 (4th Cir. 2010). "Mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F. 2d 1076, 1082 (4th Cir. 1993). The rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995).

Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. *See Russell*, 51 F.3d at 749; *see also Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993). Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (quoting *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)). In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *citing* Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995).

Plaintiff's motion is a classic example of seeking a second bite of the apple. Allowing his motion to proceed would defeat the concept of judicial finality. Plaintiff does not argue that "there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson*, 599 F.3d at 411. Rather, he appears to state that the Court should reverse its previous order dismissing his case by arguing, without support, that the defense of absolute immunity is unconstitutional. ECF No. 6 at 4.[1] Since "[m]ere disagreement does not support a Rule 59(e) motion," *Hutchinson*, 994 F. 2d at 1082, Plaintiff's Motion for Reconsideration, ECF No. 6, is denied. A separate Order follows.

Dated: September 19, 2016

GEORGE J. HAZEL
United States District Judge

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.